# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANK SALAZAR,

      Plaintiff,

v.                                              No. CIV 01-1261 WJ/JHG

DAVID EDMONDSON, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Motion for Dismissal with Prejudice [Docket No. 16].

Plaintiff, by and through counsel, filed a complaint against Defendants on November 7, 2001. On February 12, 2002, Plaintiff's counsel was permitted to withdraw from the case. Plaintiff *pro se* represented at that time that he was seeking new counsel. Plaintiff failed to attend a Rule 16 Scheduling Conference on May 16, 2002. Plaintiff represented to Defendants' counsel that he did not intend to pursue this case. Plaintiff has also failed to respond to the current motion. On July 11, 2002, this Court filed an Order to Show Cause [Docket No. 19] directing Plaintiff to respond to the present motion or otherwise show cause why this case should not be dismissed. Plaintiff was given until August 2, 2002 to comply with the Court's order. As of the date of the filing of this opinion, Plaintiff has failed to respond to the Order to Show Cause.

Defendants are currently requesting that this case be dismissed with prejudice. The Court finds that Defendants are entitled to have the case dismissed for Plaintiff's failure to prosecute this

case. Fed. R. Civ. P. 41(b); See also Jones v. Thompson, 996 F.2d 261 (10th Cir. 1993). Plaintiff has been dilatory in pursuing this case for at least the last two months since the Scheduling Conference and possibly the last five months since Plaintiff's counsel was allowed to withdraw. Evidence of Plaintiff's lack of interest includes his failure to attend the Rule 16 Scheduling Conference, his failure to respond to the motion at issue here, and his failure to respond to the Court's Order to Show Cause. Additionally, Plaintiff informed Defendants' counsel that he does not intend to pursue this case.

Dismissal with prejudice is an extreme sanction and is not warranted when a lesser sanction will suffice. See Jones, 996 F.2d at 265; Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992); Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir. 1988). Defendants assert that the factors enunciated in Ehrenhaus counsel for dismissal with prejudice. These factors include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction; and (5) the efficacy of lesser sanctions.

There is sufficient prejudice to Defendants, sufficient interference with the judicial process, sufficient culpability of Plaintiff, and sufficient warning to Plaintiff that his action would be dismissed if he failed to respond to the Order to Show Cause to warrant dismissal. However, the Court believes that the lesser sanction of dismissal without prejudice is sufficient to relieve the Defendants and the Court of any prejudicial effects of Plaintiff's dilatory behavior. Plaintiff was left without counsel in February and represented to the Court his intention to obtain new counsel. I presume that Plaintiff has not succeeded in obtaining counsel at this time. Though Plaintiff has apparently told Defendants' counsel that he does not intend to pursue this matter, it is not clear

whether he means not to pursue the case at all or whether he intends not to pursue the case at this time. Given the preference of courts to resolve matters on the merits, I am going to dismiss this case without prejudice in the event Plaintiff obtains counsel at a later date.

IT IS THEREFORE ORDERED that Defendants' Motion for Dismissal with Prejudice [Docket No. 16] is hereby GRANTED IN PART in that Plaintiff's Complaint shall be dismissed.

IT IS FURTHER ORDERED that Defendants' Motion for Dismissal with Prejudice [Docket No. 16] is hereby DENIED IN PART in that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE